NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-2392
_____

XIAN CHEN CHEN,
                                        Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES OF AMERICA,
                                        Respondent

_____

On Petition for Review of an Order of the Board of Immigration Appeals

(Agency No. A093-389-907)
Immigration Judge:  Honorable Kuyomars Q. Golparvar


Submitted Under Third Circuit L.A.R. 34.1(a)
on June 12, 2018

Before:  CHAGARES, GREENBERG and FUENTES, *Circuit Judges*

(Opinion filed: July 27, 2018)


_____

OPINION*
_____

_____

    * This disposition is not an opinion of the full Court and pursuant to I.O.P.  5.7
does not constitute binding precedent.

FUENTES, *Circuit Judge*.

Petitioner Xian Chen Chen petitions this Court for judicial review of the discretionary decision to deny his application for asylum. Respondent, the Attorney General of the United States, moves to dismiss for lack of jurisdiction. Because we lack jurisdiction over the final order of removal issued against Chen, we must grant the Attorney General's motion.

I.

Because we write only for the parties, we set forth only those facts necessary to our disposition.

Chen is a national of the People's Republic of China. He previously was granted asylum as a derivative beneficiary in 2007 and adjusted status to a lawful permanent resident in 2008. Between 2003 and 2006, Chen was convicted four times for disorderly conduct under New York state law.

In 2014, Chen pleaded guilty to two separate counts of entry of goods by false means in violation of 18 U.S.C. § 542. He served a one-month sentence and a ten-month probationary period, though the statute of conviction allows a district court to impose a sentence "not more than two years."[1]

In 2016, Chen was served with a Notice to Appeal by the Department of Homeland Security, which charged him as removable under 8 U.S.C. § 1227(a)(2)(A)(ii).

---

[1] 8 U.S.C. § 1252(a)(2)(C).

Under this provision, the Notice to Appeal charged that Chen had convicted of two crimes of moral turpitude not arising out of a single scheme or misconduct—his convictions under 18 U.S.C. § 542.

Before the Immigration Judge, Chen applied for asylum, withholding of removal, and relief under the Convention Against Torture. The basis of his applications was his alleged fear of persecution by China on account of his Roman Catholic religious beliefs. In October 2016, the Immigration Judge sustained the removability charge. The Immigration Judge determined that Chen's criminal history outweighed his positive attributes. The Immigration Judge also denied Chen's application for relief under the Convention Against Torture. The Board affirmed, and this petition followed.

II.

Chen petitions this Court to review the Board's decision to affirm a discretionary decision to deny his application for asylum. He does so without challenging the basis of his removability in any way. The Immigration and Nationality Act prohibits this Court from reviewing a final order of removal against an alien who is removable by reason of having committed a criminal offense covered in 8 U.S.C. § 1182(a)(2).[2] Because Chen fails to raise a constitutional claim or question of law, we lack jurisdiction and must grant the Government's motion to dismiss.

8 U.S.C. § 1252(a)(2)(C) states:

> [N]o court shall have jurisdiction to review any final order of removal against an alien who is removable by reason of having committed . . . any offense covered by section

---

[2] 8 U.S.C. § 1252(a)(2)(C).

1227(a)(2)(A)(ii) of this title for which both predicate offenses are, without regard to their date of commission, otherwise covered by section 1227(a)(2)(A)(i) of this title.[3]

Chen does not contest that he is removable or that his convictions are crimes involving moral turpitude that render him removable under 8 U.S.C. § 1227(a)(2). He has waived his challenge to this determination.[4] 18 U.S.C. § 542, the statute of Chen's conviction, allows for a term of incarceration "not more than two years." This means Chen's convictions are predicate offenses covered by 8 U.S.C. § 1227(a)(2)(A)(i), notwithstanding the date of commission. Therefore, we lack jurisdiction under 8 U.S.C. § 1252(a)(2)(C).

However, 8 U.S.C. § 1252(a)(2)(D) permits this Court to retain jurisdiction to review constitutional claims and questions of law raised by the petition of review. Chen raises no such claim. Although Chen could challenge that the statute of conviction does not categorically constitute a crime involving moral turpitude,[5] or whether the term "crime involving moral turpitude" is unconstitutionally vague, Chen—represented by counsel—makes no such argument. Chen only argues that the Immigration Judge abused his discretion when he denied asylum to Chen, and the Board erred by affirming the Immigration Judge. 8 U.S.C. § 1252(a)(2)(D) "does not exempt factual or discretionary

---

[3] 8 U.S.C. § 1252(a)(2)(C).
[4] *See Lie v. Ashcroft*, 396 F.3d 530, 532 n.1 (3d Cir. 2005) (holding that appeal of issue is waived where petitioner fails to raise issue in briefing or rebut government's argument that petitioner waived argument).
[5] *See Alaka v. Att'y Gen.*, 456 F.3d 88, 103–04 (3d Cir. 2006) (noting that the Court retains jurisdiction to answer questions of law such as whether crime of conviction qualifies as crime that renders petitioner removable).

4

challenges from the jurisdiction-stripping provisions of the [Immigration and Nationality Act]."[6] The statute in question places Chen's argument beyond our jurisdiction.

Consequently, we must grant the Government's motion to dismiss.

III.

For the foregoing reasons, we will grant the Government's motion and dismiss this petition for review.

---

[6] *Sukwanputra v. Gonzales*, 434 F.3d 627, 634 (3d Cir. 2006).